## GRUENSTEIN v. BRUST FOOTWEAR CORPORATION.

### No. 6089.

District Court, E. D. Pennsylvania.

July 14, 1947.

486

Nathan Lavine, of Philadelphia, Pa., for plaintiff.

Alexander S. Kopstein, of New York City, for defendant.

McGRANERY, District Judge.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. for the recovery of overtime pay, liquidated damages, and counsel fee, tried without a jury on February 5, 1947. On Octocber 15, 1945, in answer to defendant's advertisement for a man with experience who desired to invest money in a business, plaintiff wrote a letter to defendant, stressing his experience in "shoemaking, production work and organization" and pointing out, among other things, that his last two jobs were as superintendent for companies manufacturing shoes. Later, with the thought of a share in ownership and profits in mind, plaintiff came from Fitchburg, Mass., to see Mr. Brust and helped him in selecting a plant to purchase, looking at three plants with him, one in New York and two in Pennsylvania. A plant in Allentown was purchased and plaintiff then went to work setting up the plant and readying it for production. About seven weeks later defendant "discharged" him. Plaintiff testified that during the time he was at Allentown doing this work he had always hoped that the contract of partnership with defendant would be consummated, although defendant has been careful not to admit any contract for partnership. It seems clear that what actually occurred is that a business deal leading to a partnership fell through and plaintiff was understandably disappointed and, perhaps, even misled. However, plaintiff did work for seven weeks and prefers this action to the possibility of one on the contract. Regardless of the equities involved or the possible unfairness of defendant's conduct, I feel that plaintiff's status during those weeks was that of an executive employee. Plaintiff's work, it is true, was to a great degree manual in getting the premises in shape, setting up machines, and making sample shoes. However, plaintiff was in charge of the plant and there is evidence that he performed supervisory duties. He had the keys to the building and opened it up in the morning. Plaintiff admitted that he directed a carpenter's work, that he remained in the evening when workers came in, a mechanic or carpenter, that he "had to stay with them until they were done," and that he had introduced Mr. Brust to Mrs. Leiser, later hired to stitch the shoes. Mr. Brust, president of defendant corporation, testified that plaintiff hired the carpenters, the electricians, and Mrs. Leiser, although plaintiff denied this. There was testimony, as well, that plaintiff made sample shoes in the Allentown plant and that one set of the samples was shipped to Chicago and another set taken to the New York office by Mr. Brust, who took orders there on the samples.

From the pleadings, from the evidence adduced at trial, making due allowance for the credibility of the witnesses, I make the following special

Findings of Fact

1. The defendant, Brust Footwear Corporation, during the time mentioned in the complaint, March 18, 1946 to May 2, 1946, was engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act, supra.

2. The plaintiff, Paul Gruenstein, was employed by the defendant in Allentown, Pennsylvania, between the above dates, at a salary of one hundred dollars a week.

3. For the above period, plaintiff was engaged in the production of goods for commerce.

4. During the above period, the plaintiff was a bona fide executive employee of the defendant.

(a) His primary duty consisted of the management of a customarily recognized subdivision of the establishment in which he was employed, and

(b) he customarily and regularly directed the work of other employees therein, and

(c) his suggestion and recommendation as to the hiring of other employees was given particular weight. During the period

of his employment, no other employee was discharged or advanced or promoted, but I feel that there is adequate basis for an inference that plaintiff's suggestions and recommendations as to these matters would carry particular weight, as well;

(d) plaintiff customarily and regularly exercised discretionary powers, and

(e) he was compensated for his services on a salary basis at one hundred dollars per week, exclusive of board, lodging, or other facilities, and

(f) he was in sole charge of a physically separated branch establishment of Brust Footwear Corporation.

### Conclusions of Law

1. The court has jurisdiction over the subject matter and the parties in this action.

2. Plaintiff was an employee, employed in a bona fide executive capacity, within the meaning of section 13(a) of the Fair Labor Standards Act and the applicable regulations issued by the Administrator, Title 29 Code Fed.Regs. (1940 Supp.) sec. 541.1, 5 F.R. 4077.

3. Therefore, judgment will be entered for defendant.